THE PEOPLE OF THE STATE OF NEW YORK ex rel. KNOTT MANAGEMENT CORP. Relator, *v.* MARK GRAVES and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Chapter 433 of the Laws of 1939, now section 424, subdivision 1, of the Tax Law, imposed a tax of $1.50 per gallon upon each person, other than a distributor, who on May 9, 1939, owned or possessed for the purpose of sale any liquors over

and above normal stock which, for the purpose of this tax, was defined to be 250 gallons of liquor for each such person.

At the time this tax went into effect, petitioner managed eight hotels and restaurants in and about the city of New York. A separate license under the State Alcoholic Beverage Control Law had been issued to petitioner for each of these places. The licensee in each instance was "Knott Management Corp." The respondent Tax Commission in fixing the tax against petitioner under section 424 of the Tax Law, granted petitioner only one exemption of 250 gallons. Petitioner claimed that it should have been entitled to an exemption of 250 gallons for each of the eight places.

This is a question of statutory construction only. Section 424, subdivision 1, of the Tax Law fixes the normal stock of liquors, owned or possessed for the purpose of sale, at 250 gallons of liquor for "each person," and petitioner is a "person" under this law. (Tax Law, § 420, subd. 1.) Consequently petitioner was entitled to but one such allowance. The law created no exception in its favor because it owned and operated eight different places for the retail sale of this liquor.

Determination confirmed, without costs.

Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Schenck, J., dissents in an opinion.

Schenck, J. (dissenting). Petitioner operates under its own name eight hotels and restaurants in the city of New York. Each place has its own separate license and each paid a separate fee. Petitioner also operates numerous other hotels and restaurants in the State of New York but under the names, respectively, of those individual places. Respondents, pursuant to the provisions of chapter 433 of the Laws of 1939, have held that petitioner is entitled to only one floor stock exemption of 250 gallons for the eight places operated in its own name, although under eight different licenses, whereas individual exemptions of 250 gallons are allowed for the places operated under individual names.

The part of chapter 433 of the Laws of 1939 in question here is section 3. This section in its preamble avows that its purpose is to prevent evasion of the increased tax upon liquors by placing a "floor tax" upon liquors on hand. The floor tax was to apply to "liquors over and above normal stock, which for the purposes of this tax is hereby defined to be two hundred fifty gallons of liquor for each such person."

From the foregoing the Legislature manifestly and unambiguously stated that a normal floor stock would be exempt from the tax. It then defined the normal stock as 250 gallons. In reaching this conclusion the Legislature must have acted on some rational basis. That basis, of course, was the amount of liquor which a place dispensing liquors would reasonably and normally have on hand under ordinary circumstances. Some places might have more, some might have less. The Legislature, however, decreed that all could have a blanket exemption not to exceed 250 gallons on floor stock as of a certain date.

This petitioner operates eight places in New York city. It has eight floor stocks, exactly as eight other places operated by eight separate owners would have eight floor stocks. In every instance the floor stock was granted by law an express exemption of 250 gallons. Petitioner is entitled to a 250-gallon exemption on each floor stock and should obviously not be limited to one-eighth thereof, or thirty-odd gallons, for each place. The fact that the exemption is stated

to be " two hundred fifty gallons for each *person* " is immaterial. The tax has been levied on *floor stock* and an exemption has been granted based upon *floor stock*. Each floor stock must, therefore, receive the prescribed exemption and not merely a fraction thereof.

Any other interpretation of this statute would discriminate against this petitioner. The State of New York has seen fit to grant eight separate licenses to eight places operated by petitioner. In taxing the floor stock of each, therefore, the State must grant the same exemption to each place as is granted to other places similarly situated. If respondents' contentions are correct, petitioner could have obtained full exemption for each place merely by having the respective licenses issued in the name of each place. The mere fact that the licenses were in petitioner's name should not change this result. Floor stock is the basis of this tax and exemption, and the question of one person owning a number of floor stocks is not the controlling factor.

I dissent and vote to reverse the determination of the State Tax Commission and direct that exemption as prescribed by law be granted to each of petitioner's places.